```
 1  CAMPEAU GOODSELL SMITH, L.C.
    WILLIAM J. HEALY, #146158
 2  440 N. 1st Street, Suite 100
    San Jose, California    95112
 3  Telephone:   (408) 295-9555
    Facsimile:   (408) 295-6606
 4
    ATTORNEYS FOR
 5  Bob Han
```



**Entered on Docket
January 13, 2015
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**



**The following constitutes
the order of the court. Signed January 13, 2015**

_____
**Charles Novack
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### Oakland Division

| In re: | ) Case No. 14-43945 |
|---|---|
| SHIA-LING JENG LEU, aka CHARLENE LEU, | ) CHAPTER 7 |
| Debtor. | ) **ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| | ) Hearing Date:  January 9, 2015 |
| | ) Hearing Time: 10:00 a.m. |
| | ) Location: |
| | )    United States Bankruptcy Court |
| | )    Rm. 215 |
| | )    1300 Clay Street |
| | )    Oakland, CA |
| | ) Judge: Honorable Charles Novack |

The Court, having read and considered the Motion for Relief From Stay filed by Bob Han ("Moving Party") for relief from stay pursuant to 11 U.S.C. 105, 362 (d)(1), (2)(A) and (B), 362 (e), and 362 (f) of the United States Bankruptcy Code with respect to Debtor SHIA-LING JENG LEU, aka CHARLENE LEU ("Debtor") and real property commonly known as 960 Springview Cir., San Ramon, CA 94583 (Contra Costa County A.P.N. 213-460-035)("Real Property") so Moving Party may proceed to exercise its rights and remedies under its note, deed of trust, and state law and recover possession, including but not

limited to foreclosure and prosecution of an unlawful detainer ("Motion"), reviewed Debtor's statement of non-opposition filed on January 9, 2015, conducted a hearing on January 9, 2015 as indicated above, noted on the record any appearances of parties, and found good cause, does hereby grant the Motion.

Therefore, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. Relief from stay is granted pursuant to 11 U.S.C. 105, 362 (d)(1), (2)(A) and (B), 362 (e), and 362 (f) of the United States Bankruptcy Code with respect to Debtor and the Real Property and Moving Party may proceed to exercise his rights and remedies under the note, deed of trust, and state law and recover possession, including but not limited to foreclosure or trustee's sale and unlawful detainer;

2. This order shall be binding and effective and shall supercede any subsequently entered order confirming a plan of reorganization, conversion, and/or dismissal of the case; and

3. The provisions of Rule 4001 (a)(3) of Federal Rules of Bankruptcy Procedure are waived.

4. The Motion is denied with respect to its request for relief from stay as to the co-debtor as 11 U.S.C. 1301(a) does not apply in Chapter 7 proceedings.

***End of Order***

Court Service List